# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

CASEY J. STEURER,

    Petitioner,

v.                               CASE NO. 4:10cv383-RH/EMT

MICHAEL D. CREWS,

    Respondent.

_____/

## ORDER DENYING THE PETITION AND DENYING A CERTIFICATE OF APPEALABILITY

    By petition for a writ of habeas corpus under 28 U.S.C. § 2254, Casey J. Steurer challenges his state-court conviction. The petition is before the court on the magistrate judge's report and recommendation, ECF No. 31. No objections have been filed. The report and recommendation is correct and is adopted as the court's opinion.

    One matter deserves mention. In Mr. Steurer's trial, the prosecutor called an officer whose entire testimony was that he arrested Mr. Steurer, read Mr. Steurer his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966)—explicitly including the right to remain silent—and then did not question Mr. Steurer.

The prosecutor said this was not an improper comment on silence. But at that point in the trial, the jury could reasonably have drawn no inference other than the correct one: promptly after being advised of the right to remain silent, Mr. Steurer invoked the right. If there was nothing more to it, calling the witness would have been improper.

But there was more to it. A later witness—another officer—testified that at a later point Mr. Steurer volunteered incriminating statements. A juror could conclude that the statements were more credible, because they were made after *Miranda* warnings, than the statements would have been in the absence of the warnings. Evidence that makes a fact of consequence more likely than it would have been in the absence of the evidence is relevant. So proving the *Miranda* warnings, without explicitly mentioning Mr. Steurer's invocation of his right to remain silent, was proper.

Moreover, Mr. Steurer addresses this issue in this court only as a claim of ineffective assistance of counsel. Mr. Steurer's attorney was not ineffective. He objected to the first officer's testimony. The trial judge overruled the objection and made clear that the judge did not believe it was an improper comment on silence to call the officer to testify that he gave *Miranda* warnings but did not question Mr. Steurer. A judge's adverse ruling does not, standing alone, indicate that an attorney was ineffective. On Mr. Steurer's state-court collateral attack on


the conviction, the court rejected this claim for precisely this reason. The ruling was correct.

And finally, even if the issue had been raised as a challenge to the prosecutor's conduct or to the trial court's ruling, and even if the conduct could be deemed improper or the ruling could be deemed incorrect, there is no reason to believe that this brief and isolated incident made any difference. So even if Mr. Steurer had exhausted the issue and was right on the merits, he would not be entitled to relief.

Rule 11 of the Rules Governing § 2254 Cases requires a district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *See Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *see also Williams v. Taylor*, 529 U.S. 362, 402-13 (2000) (setting out the standards applicable to a § 2254 petition on the merits). As the Court said in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues

presented were " 'adequate to deserve encouragement to proceed further.' "

*Slack*, 529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4). Further, in order to obtain a certificate of appealability when dismissal is based on procedural grounds, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484.

The petitioner has not made the required showing. This order thus denies a certificate of appealability. Because the petitioner has not obtained—and is not entitled to—a certificate of appealability, any appeal will not be taken in good faith. I certify under Federal Rule of Appellate Procedure 24(a) that an appeal will not be taken in good faith and that the petitioner is not otherwise entitled to proceed on appeal *in forma pauperis*. But for the requirement to obtain a certificate of appealability, leave to proceed on appeal *in forma pauperis* would be granted.

For these reasons,

IT IS ORDERED:

    1. The report and recommendation is ACCEPTED.

    2. The clerk must enter judgment stating, "The petition is DENIED with prejudice."

3. A certificate of appealability is DENIED.

4. The clerk must close the file.

SO ORDERED on August 11, 2013.

                                                s/Robert L. Hinkle
                                              United States District Judge